IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| NOEL ALEXANDER GAMEZ-DIAZ, | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| ALEX SANCHEZ, in his official capacity as | § | |
| Warden of the IAH Secure Adult Detention | § | CIVIL ACTION NO. 9:26-CV-00528 |
| Facility; BRET BRADFORD, in his official | § | JUDGE MICHAEL J. TRUNCALE |
| capacity as Field Office Director of ICE | § | |
| Enforcement and Removal Operations Houston | § | |
| Field Office; MARKWAYNE MULLIN, in his | § | |
| official capacity as Secretary of the Department | § | |
| of Homeland Security; TODD BLANCHE, in | § | |
| his official capacity as Acting Attorney General | § | |
| of the United States, | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR HABEAS CORPUS

Before the Court is Petitioner Noel Alexander Gamez-Diaz (Gamez-Diaz)'s Petition for Writ of Habeas Corpus. [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Gamez-Diaz is a Honduran national who entered the United States in 2019 and was detained by immigration authorities in June 2026. [Dkt. 1]. On July 9, 2026, Gamez-Diaz brought a habeas corpus petition, claiming that his detention violates federal law. *Id.*

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding,

1

the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Due Process

Gamez-Diaz argues that his detention without a bond hearing violates due process. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within ninety days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated, and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

While the now-vacated *Rodriguez* opinion recognized a due-process right to bond hearings after ninety days of detention, it did not hold that habeas corpus was the proper way to assert that right.[1] *See* 2026 WL 1906557 at *16. Under longstanding Fifth Circuit precedent, habeas proceedings are appropriate only to challenge unlawful confinement, not mere procedural deprivations. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Here, Gamez-Diaz's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to offer him a bond hearing. *See* [Dkt. 1]. Gamez-Diaz's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be raised in a civil-rights action, not a habeas

---

[1] The issue was not properly before the Court in *Rodriguez*.

proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if properly performed. *See id.* Here, a properly conducted bond hearing would not invariably result in Gamez-Diaz's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not guarantee Gamez-Diaz's release from custody, a habeas proceeding is not the proper arena for Gamez-Diaz to contest his lack of a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Gamez-Diaz's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of August, 2026.**

Michael J. Truncale
United States District Judge

3